IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERESA OLIVIA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-107 |
| | ) | |
| JOHN DEERE PRODUCT, INC.; JOYE | ) | |
| SEILBE, Industrial Relations | ) | |
| Representative, John Deere Products, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed the above-captioned employment discrimination case pursuant to Title VII, 42 U.S.C. § 2000e-5. Plaintiff sought leave to proceed *in forma pauperis* ("IFP"), and filed a motion for appointment of counsel. (Doc. nos. 2, 4.) In a simultaneously filed Order, the Court granted Plaintiff's motion to proceed IFP and denied Plaintiff's motion for appointment of counsel. For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** and that this civil action be **CLOSED**.

As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is

frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

## I. BACKGROUND

According to Plaintiff's complaint, the factual allegations of which the Court will accept as true for the limited purpose of screening the complaint, there was racial discrimination at her place of employment. (Doc. no. 1, p. 7.) Specifically, Plaintiff alleges that there were different policies for black and white employees who held the same positions, and that black employees were reprimanded for minor and major infractions, whereas their white counterparts were not. (Id.)

Plaintiff also includes in her complaint a copy of her charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC"). In the EEOC charge, Plaintiff claims that she was told by Defendant Seilbe that she was terminated due to failure to comply with the company's drug and alcohol policy, but Plaintiff believed that she was discriminated against because she was female. (Id. at 8.) Plaintiff further supplies a copy of a letter dated February 16, 2009 to a Mr. Carl Tarrance, presumably an employee with the EEOC, in which she seeks to amend her claim to include retaliation as well as discrimination based upon race, color and age. (Id. at 9.) Plaintiff's "right to sue" letter from the EEOC was signed and mailed to Plaintiff on May 3, 2010, (doc. no. 1-1), and Plaintiff received the letter on May 6, 2010. (Doc. no. 1, p. 2.) The "right to sue" letter informed Plaintiff that, "[y]our lawsuit must be filed within 90 days of your receipt of this notice; or your right to

sue based on this charge will be lost."[1] (Doc. no. 1-1.) Plaintiff filed the above-captioned case on August 6, 2010. (Doc. no. 1, p. 1.)

## II. DISCUSSION

Where the EEOC chooses not to prosecute a charge of discrimination filed by a complainant, it "shall so notify the [complainant] and within [90] days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . ." 42 U.S.C. § 2000e-5(f)(1). A Title VII action may not be brought more than ninety days after the EEOC notices a complainant of her right to file a lawsuit. E.g., Santini v. Cleveland Clinic, 232 F.3d 823, 825 (11th Cir. 2000); Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339-41 (11th Cir. 1999). The 90 day time limit is non-jurisdictional, and, thus, is subject to equitable tolling, which allows a court to accept complaints filed after the set deadline in sufficiently extraordinary situations. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982). "[T]raditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances." Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007). These include "fraud, misinformation or deliberate concealment." Id. at 1355.

Plaintiff in this case received her "right to sue" letter on May 6, 2010. She did not file suit in this case until August 6, 2010, more than 90 days after receiving notice of her right to sue. Furthermore, Plaintiff does not supply any reason at all for her failure to file her complaint in a timely fashion, much less a make any claims of extraordinary circumstances

---

[1] The "right to sue" letter also provided that "[t]he EEOC is terminating its processing of this charge." (Doc. no. 1-1.)

3

which could invoke equitable tolling. Accordingly, Plaintiff's complaint should be dismissed for her failure to file her complaint in a timely fashion.

## III. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to comply with the administrative requirements for timely filing a Title VII complaint after an EEOC determination. The Court accordingly **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED on this 14th day of September, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE