IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

TERESA OLIVIA BROWN,            )
                                )
        Plaintiff,               )
                                )
    v.                           )   CV 110-107
                                )
JOHN DEERE PRODUCT, INC.; JOYE  )
SEILBE, Industrial Relations     )
Representative, John Deere Products, )
                                )
        Defendants.              )

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 9.) The Magistrate Judge recommended dismissal of Plaintiff's employment discrimination case because Plaintiff failed to file her complaint within ninety (90) days of receiving notice of her right to sue. (Doc. no. 7 (citing 42 U.S.C. § 2000e-5(f)(1).) Plaintiff's objections (doc. no. 9, p. 1) attempt to invoke equitable tolling in order to save her claims. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Extraordinary circumstances "include 'fraud, misinformation or deliberate concealment.'" Gant v. Jefferson Energy Co-op, 348 F. App'x 433, 434 (11th Cir. 2009) (*per curiam*) (quoting Jackson v. Astrue, 506 F.3d 1349, 1355 (11th Cir. 2007)). However, as explained below,

the events that Plaintiff describes, including difficulty hiring an attorney and the occurrence of a home invasion, among others, do not qualify as extraordinary circumstances, and thus, the Court will not apply equitable tolling.

First, the "extraordinary circumstances" that Plaintiff points to are not the type needed for equitable tolling. As illustrated in Gant, the types of circumstances that call for equitable tolling, such as fraud, misinformation and deliberate concealment, involve wrongful behavior by an opposing party to block the other party's access to information involved in the lawsuit. Plaintiff's circumstances, which involve her personal life and difficulty hiring an attorney, clearly have nothing to do with any wrongful behavior by the defendants attempting to block Plaintiff's access to information.

Second, taking a closer look at the facts that Plaintiff provides in her objections reveals that her "extraordinary circumstances," despite being beyond her control and unavoidable, are not sufficient to excuse the late filing of Plaintiff's complaint. Plaintiff received her "right to sue" letter on May 6, 2010. (Doc. no 1, p. 2.) Plaintiff states that she made numerous attempts to secure an attorney, and that she consulted with one particular attorney. (Doc. no. 9, p. 2.) The sales receipt that Plaintiff provides for her legal consultation is dated July 30, 2010- a mere five days before the deadline to file her complaint. (Id. at 3.) Plaintiff had 85 days before her consultation in which to fill out and file her claim. It is readily apparent that Plaintiff had the ability to do so because, with help from someone other than the attorney she consulted, she was able to complete and file her complaint on August 6th- a period of seven days following the date of her legal consultation. (Id. at 2.)

As to Plaintiff's home invasion, the police report provided in her objections states that the incident occurred on August 2, 2010- two days before her complaint was due. (Id. at 4.) Plaintiff had 88 days before the incident to file her complaint, which as discussed above, she was capable of doing. The fact that this incident occurred during the seven day period in which she actually prepared and submitted her report only reinforces her ability to have her complaint filed in a timely manner, and that her failure to do so had nothing to do with the "extraordinary circumstances" that she invokes.

In sum, Plaintiff's objections fail to state any extraordinary circumstances that would justify the application of equitable tolling. Thus, Plaintiff's objections do not alter the Magistrate Judge's analysis and conclusion that this case should be dismissed because Plaintiff failed to file the above-captioned complaint within 90 days of receiving notice of her right to sue. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Plaintiff's complaint is **DISMISSED**, and this civil action is **CLOSED**.

SO ORDERED this 20th day of October, 2010, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA